**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. _____ - cv - _____**

| | |
|---|---|
| SMASH FRANCHISE PARTNERS, LLC, | |
| Plaintiff, | |
| v. | COMPLAINT |
| BARBER POWER LAW GROUP, PLLC, and JONATHAN N. BARBER, | |
| Defendants. | |

Plaintiff Smash Franchise Partners, LLC ("Smash" or "Plaintiff"), by its attorneys Gardner Skelton, PLLC, and Stalwart Law Group, APC, alleges for its Complaint against Barber Power Law Group, PLLC ("BPLG"), and Jonathan N. Barber ("Barber") (jointly, "Defendants"), as follows:

**NATURE OF THE CASE**

1.      Defendants own and operate a law firm called "Franchise.Law."  According to their website, Defendants offer "exceptional legal franchise services" and can help clients, among other things, "manage [their] compliance with federal franchise laws and state registration regulations."

2.      Smash engaged Defendants to advise the company with respect to, among other things, (i) the preparation and contents of Smash's Franchise Disclosure Documents ("FDD"), and (ii) how to respond to inquiries from Smash's franchisees with respect to questions about the FDD.

3.      As a direct result of deficiencies and omissions in Smash's FDD, which Defendants drafted, and false statements made to Smash's franchisee based on advice from Defendants, Smash was found jointly and severally liable to a franchisee for over $2,800,000 in damages.

1

4. Smash currently is litigating a second dispute with another franchisee that arises from alleged deficiencies in the content of Smash's FDD. Although that dispute is ongoing, Smash has incurred significant attorneys' fees defending itself and faces the threat of another seven-figure judgment as a result of Defendants' advice.

5. Smash therefore brings this case against Defendants to hold them liable for their negligent legal advice and damages caused to Smash as a result.

## PARTIES, JURISDICTION, AND VENUE

6. Smash is a limited liability company organized under Indiana law with its principal place of business in Carmel, Indiana. Smash has only one member, which is SMT Holdings, LLC. SMT Holdings, LLC is a Delaware limited liability company with six members, three of which are individuals and three of which are limited liability companies. The three individual members of SMT Holdings, LLC are Travis Fogg, Ryan Murray, and Eric Snyder; each of them is domiciled in Indiana. The three limited liability company members of SMT Holdings are: CDLM, LLC; Fortitude West, LLC; and WIJG, LLC. CDLM, LLC has only one member, Adam Haskin, who is domiciled in Pennsylvania. Fortitude West, LLC has only one member, Heather Haskin, who is domiciled in Florida. WIJG, LLC has only one member, Justin Haskin, who is domiciled in Indiana.

7. Upon information and belief, BPLG is a professional limited liability company organized under North Carolina law with its principal place of business in Charlotte, North Carolina. Upon information and belief, the sole members of BPLG are Jonathan N. Barber and Jason W. Power, both of whom are domiciled in North Carolina.

8. Barber is a natural person who, upon information and belief, is domiciled in Charlotte, North Carolina, and is therefore a citizen of North Carolina.

2

9.      Upon information and belief, at all times mentioned herein, Defendants were acting as the agent and/or employee of each other, and were acting within the course and scope of said principal-agency and/or employment relationship, and directed, authorized and/or ratified the conduct set forth in detail in this Complaint.

10.      This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a)(1) because (a) there is complete diversity of citizenship among the parties, in that Smash is not a citizen of the same state as any Defendant, and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.      Venue is proper in the United States District Court for the Western District of North Carolina because Defendants rendered the negligent legal advice at issue in Charlotte, North Carolina, which falls within this Judicial District.

## FACTS

12.      Smash is the franchisor for the Smash My Trash brand, which provides mobile dumpster compaction service that allows customers to compact their waste in open-top dumpsters by as much as 70%. This allows customers to add more waste to their dumpsters with fewer hauls to the landfill, which saves them time and money.

13.      Defendants own and operate a law firm called "Franchise.Law", which claims to have specialize knowledge and expertise in that areas of franchise law and compliance. According to Defendants' website: "[w]hen we draft FDDs [franchise disclosure documents] for new franchisors, we initially draft them so that they are compliant with the FTC Rule, the registration state Little FTC Acts, and the NASAA guidelines and commentary."

14.      In or around June 2019, Smash retained Defendants to advise the company with respect to, among other things, franchise compliance matters. As part of this representation,

3

Defendants drafted Smash's FDD, which Smash understood and expected to comply with the FTC Rule and all other applicable rules and regulations.

15.     Smash relied on Defendants' advice with respect to the drafting and contents of Smash's FDD, including but not limited to the financial disclosures in Item 19 of the FDD.  At all times, Smash provided Defendants with all information and documents requested by Defendants in connection with Defendants' drafting and preparation of Item 19 of the FDD.

16.     Smash also relied on Defendants' advice with respect to how to respond to requests for information about the FDD that Smash received from one of its franchisees named Kevin Blanchat ("Blanchat").

17.     Specifically, on Defendants' advice, Smash told Blanchat that—despite language in the FDD requiring in-person training for all franchisees—online training would be available. Subsequently, again on Defendants' advice, Smash identified Blanchat's failure to complete in-person training as one of the reasons for terminating Blanchat's franchise agreement.

18.     Moreover, on Defendants' advice, Smash misrepresented to Blanchat the company's policies with respect to referral fees that could be earned when one franchisee refers a customer to another franchisee.

19.     In or around August 2020, Blanchat sent a letter to Smash demanding rescission of his franchise agreement based on, among other things, allegedly false financial statements in Item 19 of the FDD.  On Defendants' advice, Smash refused to rescind the franchise agreement but instead took the position that Blanchat breached the agreement by not timely opening their franchise.  The parties' dispute was submitted to arbitration before the American Arbitration Association.

20.    On May 3, 2022, the arbitrator issued an award in favor of Blanchat and against Smash (the "Arbitration Award").  As explained in the Arbitration Award, the arbitrator found that:

  a.  Smash made material misrepresentations in Item 19 of its FDD;

  b.  Smash made material misrepresentations to Blanchat in response to Blanchat's request for substantiation of the FDD Item 19 data;

  c.  Smash made material misrepresentations to Blanchat with respect to Smash's response to Blanchat regarding a requirement for live training; and

  d.  Smash made material misrepresentations to Blanchat with respect to Smash's response to Blanchat regarding the company's referral fee policy.

21.    Each of the above representations by Smash were the product of legal advice Smash received from Defendants.  As a result of these findings, the arbitrator awarded damages against Smash, jointly and severally with another company, in excess of $2,800,000.

22.    Separately, Defendants advised Smash to terminate another franchisee.  That franchisee has made similar claims to Blanchat, and the dispute currently is pending in arbitration. Defendants have incurred significant attorneys' fees to date litigating this matter and Defendants face the possibility of another large judgment against them if the arbitrator finds in favor of the franchisee.

**FIRST CAUSE OF ACTION**
**(Legal Malpractice)**
**(Against All Defendants)**

38.    Smash hereby incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

39. Upon information and belief, Barber is and was at all relevant times a lawyer licensed to practice law in the State of North Carolina, and his acts and omissions alleged herein were taken by him as an employee, agent, and/or partner of or in BPLG.

40. Each of the Defendants had an attorney-client relationship with Smash and thus owed Smash a duty to exercise reasonable care in connection with the legal advice and services Defendants rendered to Smash. Each Defendant's duty of care included, *inter alia*, a duty to (a) possess the requisite degree of learning, skill and ability necessary to practice his or its profession which other attorneys similarly situated ordinarily possess; (b) use his or its best judgment in the handling of matters entrusted to him or it; (c) exercise such reasonable and ordinary care and diligence in the use of his or its skill and in the application of his or its knowledge to Smash's matters as would other attorneys in the same or similar localities and under similar circumstances; (d) act in Smash's best interest; (e) properly investigate the matters on which he or it was working so as to reasonably, properly and appropriately advise and counsel Smash on its proper courses of action; and (f) comply with his or its ethical obligations and rules as it pertained to work performed for Smash.

41. By providing Smash with incorrect and defective legal advice in relation to franchisees and the contents of the FDD, as set forth above, Defendants failed to perform their duties of care to Smash in accordance with the standard of practice exercised by attorneys with similar education, knowledge, or experience situated in the same or similar locality at the time the legal services were provided, violated their duties of care to Smash, and committed legal malpractice.

42. As a direct and proximate result of Defendants' legal malpractice, Smash has been damaged in the amount of at least $2,800,000 (the amount of the joint and several judgment entered

in favor of Blanchat against Smash and a third-party), plus the amount of attorneys' fees Smash has incurred defending itself in two arbitrations. The total amount of Smash's damages will be established at trial, but it is believed to be no less than $3 million.

43.     Smash would not have incurred these damages but for Defendants' malpractice.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)
### (Against All Defendants)

44.     Smash hereby incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

45.     Smash reposed special trust and confidence in Defendants because Defendants were Smash's lawyers and Defendants had a special and fiduciary duty to act in Smash's best interests.

46.     Defendants breached their fiduciary duties to Smash by providing Smash with incorrect and deficient legal advice in Smash's dealings with franchisees, and failing to properly prepare a legally compliant FDD, all as set forth above.

47.     As a direct and proximate result of Defendants' breach of fiduciary duty, Smash has been damaged in the amount of at least $2,800,000 (the amount of the joint and several judgment entered in favor of Blanchat against Smash and a third-party), plus the amount of attorneys' fees Smash has incurred defending itself in two arbitrations. The total amount of Smash's damages will be established at trial, but it is believed to be no less than $3 million.

## PRAYER FOR RELIEF

WHEREFORE, Smash prays for judgment against Defendants, as follows:

1. For an award of compensatory damages against Defendants, jointly and severally, in an amount to be determined by a jury but believed to exceed $3 million;

2. For an award of all costs, expenses, and reasonable attorneys' fees Smash incurs in this action;

3. For pre-judgment and post-judgment interest on all sums awarded;

4. That all issues triable by a jury be so tried; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 30th day of October, 2023.

/s/ Jon P. Carroll
Jon P. Carroll (N.C. Bar. No. 33850)
GARDNER SKELTON PLLC
505 East Boulevard
Charlotte, North Carolina 28203
Telephone: (704) 335-0350
Facsimile: (704) 390-7027
jcarroll@gardnerskelton.com

Dylan Ruga (*PHV app. forthcoming*)
David Angeloff (*PHV app. forthcoming*)
Cindy Hickox (*PHV app. forthcoming*)
STALWART LAW GROUP, APC
8752 Holloway Drive
West Hollywood, CA 90069
Telephone: (310) 954-2000
dylan@stalwartlaw.com
david@stalwartlaw.com
cindy@stalwartlaw.com

*Attorneys for Plaintiff*

8