# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:23-CV-00710-RJC-SCR

| | | |
|---|---|---|
| **SMASH FRANCHISE PARTNERS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **BARBER POWER LAW GROUP, PLLC,** | ) | |
| **et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Amended Complaint" (Doc. No. 18) and "Plaintiff's Motion for Leave to File a Second Amended Complaint" (Doc. No. 23).

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within 21 days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further provides that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

"A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rts. Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey,

438 F.3d 404, 426 (4th Cir.2006)(en banc)).

Plaintiff states that the purpose of the amendment is to "to add factual allegations regarding the Voss and Cheetham claims...these allegations pertain to the same representation by Defendants, and the claims brought by the subsequent franchisees mirror the claims brought by Blanchat." (Doc. No. 24 at 2). For those reasons as well as the other reasons stated therein, his "Motion for Leave to Amend" (Doc. No. 23) is <u>granted</u>.

It is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. <u>Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.</u>, No. 3:10-CV-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011); <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 572-73 (4th Cir. 2001).

The Court makes no determination as to the merits of any of Plaintiff's claims and all objections and defenses raised by Defendants in their Motion to Dismiss are preserved.

**IT IS THEREFORE ORDERED** that:

1.  "Plaintiff's Motion for Leave to File a Second Amended Complaint" (Doc. No. 23) is **GRANTED**. Within ten days of this Order, Plaintiff shall file its Second Amended Complaint.

2.  "Defendants' Motion to Dismiss Amended Complaint" (Doc. No. 18) is administratively **DENIED** as moot without prejudice.

3.  The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**

Signed: March 4, 2024

Susan C. Rodriguez
United States Magistrate Judge