UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

SMASH FRANCHISE PARTNERS, LLC,

    Plaintiff,

v.

BARBER POWER LAW GROUP, PLLC
AND JONATHAN N. BARBER,

    Defendants.

CIVIL ACTION NO. 3:23-cv-00710

## MEMORANDUM OPINION AND ORDER

Pending is Defendants Barber Power Law Group, PLLC and Jonathan N. Barber's (collectively "Defendants") Motion to Dismiss Second Amended Complaint [ECF 31], filed March 22, 2024.

**I.**

This action was previously referred to the Honorable Susan C. Rodriguez, United States Magistrate Judge, for submission of proposed findings and recommendations. On February 28, 2025, Magistrate Judge Rodriguez filed her Memorandum and Recommendation ("M&R") [ECF 37], recommending the Court deny Defendants' Motion to Dismiss. On March 14, 2025, Defendants timely objected to the M&R [ECF 38], to which Plaintiff Smash Franchise Partners, LLC ("SFP") responded in opposition on March 27, 2025. [ECF 39].

## II.

Under *Federal Rule of Civil Procedure* 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district judge is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In particular, "a general objection . . . is insufficient to avoid waiver." *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (explaining "other circuits have held that the failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review") (internal quotations omitted)); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988). De novo review is thus unnecessary when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III.

On October 30, 2023, SFP instituted this action, alleging legal malpractice and breach of fiduciary duty arising from Defendants' representation of SFP from June 2019 through November 2022. In June 2019, SFP retained Defendants for advice respecting, *inter alia*, (1) the preparation and contents of SFP's 2019 and 2020 Franchise Disclosure Documents ("FDD"), and (2) how to respond to inquiries from SFP's franchisees with respect to questions about the FDD. [ECF 30 at ¶ 2]. SFP alleges its 2019 and 2020 FDDs drafted by Defendants contained "deficiencies and omissions" and, relying on Defendants' advice, SFP made false statements to its franchisees. [*Id*. at ¶¶ 3-5].

Given the inaccuracies contained in the 2019 FDD and SFP's misrepresentations, SFP franchisee Kevin Blanchat demanded recession of his franchise agreement. [*Id*. at ¶ 20]. On Defendants' advice, SFP refused. [*Id*.]. The dispute was arbitrated, resulting in a $2,800,000 damages award in favor of Mr. Blanchat on May 3, 2022. [*Id*. at ¶ 25]. Defendants represented SFP during the arbitration. [*Id*. at ¶¶ 21-23]. SFP claims it likewise received negligent advice and representation during this time. [*Id*.].

On December 5, 2022, SFP learned two more of its franchisees, Rebecca and Thomas Voss, were bringing claims against it for inaccurate information contained in both the 2019 and 2020 FDDs. [*Id*. at ¶ 26]. SFP alleges it was unaware its 2020 FDD was also noncompliant until it received the Voss' arbitration demand. [*Id*. at ¶ 28]. On November 9, 2023, another franchisee Dean Cheetham demanded arbitration given the misrepresentations contained in the 2020 FDD. [*Id*. at ¶ 27]. Based on this information, SFP alleges "Defendants' last act that gives rise to [its] claim occurred in or around late 2021 or early 2022," and the difficulties contained in Defendants' 2020 FDD were not reasonably discoverable until it received notice of the Voss claim on or about December 5, 2022. [*Id*. at ¶¶ 33, 34].

On March 8, 2024, Defendants moved to dismiss, contending, *inter alia*, SFP's claims are time barred under *North Carolina General Statutes* section 1-15(c). Respecting Section 1-15(c), the M&R explained as follows:

> N.C. Gen. Stat. § 1-15(c) "creates a statute of limitations and a statute of repose, both of which accrue on the date of the 'last act of the defendant giving rise to the cause of action.'" *McGahren v. Saenger*, 456 S.E.2d 852, 854 (N.C. App. 1995) (citing *Sharp v. Teague*, 439 S.E.2d 792, 794 (N.C. App. 1994)).
>
> Under this framework, a plaintiff must bring an action within three years of the occurrence of the last act of defendant giving rise to the cause of action unless plaintiff shows "(1) an economic or monetary loss caused by the alleged malpractice, (2) which was not reasonably discoverable for at least two years after the date, and (3) commencing of its suit within one year of discovery." *BDM Invs.*

> *v. Lenhil, Inc.*, 826 S.E.2d 746, 758 (N.C. App. 2019) (citing *Bolton v. Crone*, 589 S.E.2d 915, 916 (N.C. App 2004)). Under no circumstances, however, may an action be commenced more than four years after the last act of defendant giving rise to the cause of action regardless of when plaintiff reasonably discovers its loss. N.C. Gen. Stat. § 1-15(c); *Hargett v. Holland*, 447 S.E.2d 784, 788 (N.C. 1994) ("Regardless of when plaintiff's claim might have accrued, or when plaintiffs might have discovered their injury, because of [N.C. Gen. Stat. § 1- 15(c)'s] four-year statute of repose, their claim is not maintainable unless it was brought within four years of the last act of defendant giving rise to the claim.") (citations omitted).
>
> Importantly, the "last act" for the purposes of the statute of limitations is not necessarily the same as the attorney's last act representing his client—the statute of limitations is not extended merely because an attorney continues to represent a client following his "last act of negligence." *Chase Dev. Grp. v. Fisher, Clinard & Cornwell, PLLC*, 710 S.E.2d 218, 225 (N.C. App. 2011); *Teague v. Isenhower*, 579 S.E.2d 600, 604 (N.C. App. 2003) (calculating the statute of limitations from the last allegedly negligent acts at trial representation, not the later appellate representation as to which there were no allegations of malpractice), *disc. rev. denied*, 587 S.E.2d 347 (N.C. 2003); *Carle v. Wyrick, Robbins, Yates & Ponton, LLP*, 738 S.E.2d 766, 771 (N.C. App. 2013) (decided at the summary judgment stage and determined the defendant's "last act" by focusing on factors such as the "contractual relationship between the parties, when the contracted-for services were complete, and when the alleged mistakes could no longer be remedied.").

[ECF 37 at 37-38].

Magistrate Judge Rodriguez very thoroughly and capably rejected Defendants' assertions in her M&R and recommended denial of Defendants' Motion to Dismiss. Specifically, Magistrate Judge Rodriguez correctly recognized the merits of an affirmative defense -- such as a statute of limitations defense -- generally cannot be reached at the dismissal stage, except in the "relatively rare circumstance[] where facts sufficient to rule on [the] affirmative defense are alleged in the complaint[.]" *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Guided by this well-established rule, Magistrate Judge Rodriguez understandably rejected Defendants' position that the "last act" giving rise to SFP's claims is April 27, 2020, "a date that appears nowhere in [SFP's] Complaint[.]" [ECF 37 at 9].

4

Additionally, Magistrate Judge Rodriguez explained (1) Defendants appear "to confuse, or at least blur, the first act versus the 'last act[,]'" (2) SFP's Complaint sufficiently alleges facts "to support its claim for purposes of a motion to dismiss that 'Defendants' last act that gives rise to [SFP's] claim occurred in or around later 2021 or early 2022[,]" and (3) a final determination respecting whether Defendants' alleged wrongdoing is barred by *North Carolina General Statutes* section 1-15(c) awaits the close of the evidentiary record at summary judgment. [*Id*. at 9-10]. The Magistrate Judge thus concluded inasmuch as "this is not one of the 'rare circumstances' where the Court may definitively rule on the statute of limitations defense at the motion to dismiss stage[,] . . . Defendants' argument is more properly reserved for consideration at a later stage of litigation." [*Id*. at 6].

Defendants do not directly challenge the Magistrate Judge's finding their asserted "last act" date of April 27, 2020, does not appear on the face of SFP's Complaint. Instead, they urge the undersigned to definitively conclude SFP's claims related to the 2019 FDD are time-barred inasmuch as "any alleged improper acts by Defendants concerning either the contents of the 2019 FDD or interpretations of the 2019 FDD to Blanchat were completed by April 27, 2020, or, certainly, by May 12, 2020." [ECF 38 at 5]. The April 27, 2020, hales from the May 3, 2022, Arbitration Award.[1]

Reduced to its essence, Defendants are yet again "asking the Court to adopt factual findings from an arbitration between [SFP] and other parties, and apply them to [SFP's] separate

---

[1] Defendants appear to contend the Complaint's reference to the Arbitration Award authorizes its consideration at the Rule 12(b)(6) stage. A ruling on the merits of an affirmative defense is only appropriate, however, "if all the facts necessary to the . . . defense *clearly appear on the face of the complaint*." *Goodman*, 494 F.3d at 464 (emphasis added) (internal citations and quotations omitted). As noted, the April 27, 2020, date does not appear on the face of the Complaint.

5

malpractice claims, which were not the subject of the underlying arbitration, at the 12(b)(6) stage." [ECF 37 at 9]. This identical position has been thoroughly considered and rejected by the Magistrate Judge. Moreover, as explained in the M&R, this assertion wholly "ignores the context here where the thrust of [SFP's] claims is that Defendants committed malpractice when representing [SFP] in the underlying arbitration, among other things." [ECF 37 at 9-10].

At bottom, SFP has sufficiently alleged facts supporting its position Defendants' last acts giving rise to its claims related to the 2019 FDD occurred in or around late 2021 or early 2022. Respecting the 2020 FDD deficiencies, SFP has also sufficiently alleged "[t]he errors and omissions in Defendants' 2020 FDD [were] not reasonably discoverable or readily apparent until [they] received notice of the Voss claim on or about December 5, 2022[.]" [ECF 30 at ¶ 34]. While Defendants' statute of limitations defense may ultimately warrant a different conclusion at a later stage, the defense demands a fact-intensive inquiry on a complete evidentiary record. Defendants' time-bar contentions are thus unfit for disposition at this stage. Magistrate Judge Rodriguez did not err.[2]

---

[2] To the extent Defendants contend Magistrate Judge Rodriguez failed "to analyze whether the claims arising from the 2020 FDD were timely made," [ECF 38 at 2] that contention is meritless. [*See, e.g.*, ECF 37 at 10-11]. To the contrary, Magistrate Judge Rodriguez reiterated any statute of limitations defense concerning the 2020 FDD could be made "at a later stage in litigation for the reasons" previously stated. [*Id*. at 11]. Additionally, Magistrate Judge Rodriguez rejected Defendants' contention SFP's claims regarding the 2020 FDD "should be dismissed because the claims do not relate back to [SFP's] original Complaint." [*Id*.]. Indeed, the Magistrate Judge summarily rejected this contention as "procedurally improper" inasmuch as the Court had already considered and rejected the same when Defendants opposed SFP's Motion for Leave to File a Second Amended Complaint. [*Id*.].

## IV.

Based upon the foregoing discussion, the Court **OVERRULES** Defendants' objections [**ECF 38**] and **DENIES** Defendants' Motion to Dismiss [**ECF 31**]. The matter is referred anew to Magistrate Judge Rodriguez in accordance with the original referral.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTERED: September 8, 2025

Frank W. Volk
Chief United States District Judge